**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **JARED UBRIACO,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| **BEALL'S, INC.,** | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JARED UBRIACO ("Plaintiff" or "Ubriaco"), and files his Complaint against Defendant, BEALL'S, INC. ("Defendant" or "Beall's"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C §§ 2601 *et seq.* ("FMLA"), and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq*. ("FCRA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's interference with Plaintiff's use of FMLA and Defendant's unlawful discrimination and harassment against Plaintiff due to his handicap leading to his unlawful termination.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA.

1

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this District.

## THE PARTIES

6. Plaintiff, Ubriaco, is a citizen of the United States, and is and was at all times material, a resident of the state of Florida, residing in Pinellas County, Florida.

7. Defendant, Beall's, is a Florida Profit Corporation with its principal place of business in Bradenton, Florida.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On January 2, 2019, Plaintiff filed a charge of discrimination with Florida Commission on Human Relations ("FCHR").

11. Plaintiff's charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On April 8, 2020 the Florida Commission on Human Relations issued to Plaintiff a Determination of Reasonable Cause to believe that an unlawful practice occurred.

13. This complaint was filed within three-hundred and sixty-five days of the Florida Commission on Human Relations' issuance of its Reasonable Cause Determination.

## FACTUAL ALLEGATIONS

14. Plaintiff worked for Defendant as a Network Engineer for approximately three years.

15. Plaintiff is a handicapped male.

16. At all times relevant to this action, Plaintiff was a qualified individual with a handicap within the meaning of the FCRA. Plaintiff has an actual handicap, has a record of being handicapped, and/or is perceived as being handicapped by Defendant.

17. Defendant was on notice of Plaintiff's handicap.

18. At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

19. In October 2018, Plaintiff sent an email to Stephen Occhiogrosso, Manager of Network Engineering, and Angela Pasquale, Human Resources Manager to notify Defendant of his medical conditions.

20. Subsequently, Plaintiff verbally explained his medical conditions to Mr. Occhiogrosso and inquired into workplace accommodations.

21. Mr. Occhiogrosso provided Plaintiff with an accommodation form to complete.

22. In early November 2018, Plaintiff submitted the completed documentation to Defendant's Human Resources department requesting reasonable accommodations.

23. Defendant refused to grant Plaintiff's request for accommodation.

24. Shortly thereafter, Plaintiff provided Defendant with a letter from his doctor supporting Plaintiff's request for reasonable accommodations. Once again, Human Resources refused to accept Plaintiff's documentation.

25. Around this time, Mr. Ochiogrosso demanded Plaintiff return his work laptop and informed Plaintiff he was prohibited from working remotely.

26. Further, Plaintiff's pay was altered and his emails were locked or deleted such that he could only access approximately the last thirty days of communications.

27. Plaintiff mailed a copy of the doctor's letter to Defendant and once again made a reasonable request for accommodation.

28. Rather than grant Plaintiff's request for reasonable accommodations, Defendant sent Plaintiff a letter stating that Defendant could offer a much different accommodation than what Plaintiff requested.

29. Defendant indicated that if Plaintiff could not work under the terms proposed by Defendant, then Plaintiff's employment would be terminated.

30. Defendant's offer to provide Plaintiff a lesser accommodation was effectively a denial Plaintiff's reasonable request for accommodation.

31. The accommodation Plaintiff requested would not have caused undue hardship to the Defendant.

32. Plaintiff was eligible for FMLA leave at all times relevant.

33. At no time did Defendant inform Plaintiff of his right to use FMLA leave when it gave him the ultimatum to either return to work under Defendant's terms or be terminated.

34. Instead of reasonably accommodating Plaintiff's handicap or offering Plaintiff FMLA leave, Defendant terminated Plaintiff's employment.

35. Plaintiff has been damaged by Defendant's illegal conduct.

36. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Interference in Violation of the FMLA

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

38. Plaintiff was an employee eligible for protected leave under the FMLA.

39. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

40. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

41. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

42. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count II:
## Handicap Based Discrimination in Violation of the FCRA

43. Plaintiff re-alleges and adopts as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

44. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

45. Defendant is prohibited under the FCRA from discrimination against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46. Defendant violated the FCRA by discriminating against Plaintiff based on his handicap.

47. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

48. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

49. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with the conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and punitive damages.

## Count III:
## Failure to Accommodate in Violation of the FCRA

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

51. At all times relevant to this action, Plaintiff was a qualified individual with a handicap within the meaning of the FCRA. Plaintiff has an actual handicap, has a record of being handicapped, and/or is perceived as being handicapped by Defendant.

52. Defendant was aware of Plaintiff's handicap.

53. Defendant failed to accommodate Plaintiff's handicap.

54. Defendant's discriminatory conduct, in violation of the FCRA has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

55. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

56. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IV:
### Retaliation in Violation of the FCRA

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

58. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

59. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

60. Defendant's conduct violated the FCRA.

61. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

62. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

63. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's protected rights, thereby entitling him to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

 c) Award any other and further relief as this Court deems just and proper.

<b><u>JURY DEMAND</u></b>

Plaintiff hereby requests a trial by jury on all triable issues herein.

  Respectfully Submitted:

  **/s/ Gary Martoccio**
  Gary Martoccio
  Florida Bar No. 99040
  **Spielberger Law Group**
  4890 W. Kennedy Blvd., Ste. 950
  Tampa, Florida 33606
  T: (800) 965-1570
  F: (866) 580-7499
  Gary.Martoccio@spielbergerlawgroup.com

  *Counsel for Plaintiff*